UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeANGELO JULIAN LEWIS,

        Petitioner,                      Case No. 1:16-cv-451

v.                                         Honorable Paul L. Maloney

TONY TRIERWEILER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner DeAngelo Lewis is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). Following his guilty plea to one count of felony firearm-second offense, on May 7, 2014, the Wayne County Circuit Court sentenced Petitioner to five years' incarceration.

The petition does not challenge Petitioner's conviction or sentence on the felony firearm charge. Instead, Petitioner challenges a prison disciplinary misconduct conviction on a charge of creating a disturbance. Petitioner alleges that the misconduct ticket was written against him on March 17, 2016. (ECF No. 1, PageID.3.) Petitioner contends that the ticket falsely alleged that he had yelled and screamed and banged on his door when a corrections officer was attempting to contact the facility's control center after identifying a prisoner in need of medical care. (*Id*.)

On March 29 and 30, 2016, a hearing officer conducted a hearing on the ticket. Petitioner was found guilty and sanctioned with twenty days' loss of privileges. (*Id*.) The misconduct determination carried the additional consequence of delaying, for at least another six months, Petitioner's ability to request restoration of visiting privileges that he had lost previously. (*Id*.)

Petitioner argues that the misconduct hearing violated his right to due process because it was conducted too long after review of the ticket and because the hearings officer had an ex parte conversation with the corrections officer who had written the ticket. (*Id*.) Petitioner asks the Court to reverse the finding of guilty on the misconduct ticket and dismiss the charges.

**Discussion**

This Court must "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (emphasis supplied). A proper habeas corpus application challenges "the fact or duration of . . . physical confinement itself," it seeks "immediate release or a speedier release from that confinement. . ." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, . . . and a complaint under . . . 42 U.S.C. §1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a §1983 action." *Muhammad v. Close*, 540 U.S.749, 750 (2004) (citations omitted).

Petitioner does not explain how the misconduct conviction affects the fact or duration of his confinement. There are circumstances where a prison disciplinary proceeding might affect the duration of confinement by forfeiting "good-time" credits. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). But misconduct convictions in Michigan do not presently have that effect. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted of crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

discretionary with the parole board. *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). Because the misconduct conviction affected neither the fact nor the duration of Petitioner's confinement, the petition does not raise issues cognizable on habeas review and it must be dismissed.

The petition is alternatively properly dismissed because Petitioner is unable to establish an underlying violation of the Constitution, laws or treaties of the United States. He contends that the misconduct proceedings violated his right to due process. But, for the same reason that Petitioner's complaint falls outside the protections of the habeas corpus statute, it falls outside the protections of the due process clause. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). As set forth above, Petitioner's

misconduct conviction did not affect the duration of his sentence. The convictions also did not result in a significant, atypical deprivation. Petitioner identifies two deprivations that followed his conviction. First, Petitioner suffered a temporary loss of privileges. The *Wolff* court described loss of privileges as a "lesser penalt[y]" that would not warrant "the procedures required by today's decision . . . ." *Wolff*, 418 U.S. at 571 n. 19; *see also Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (14 day loss of privileges is not atypical and significant); *Dixon v. Morrrison*, No. 1:13-cv-1078, 2013 WL 6512981 at *7 (W.D. Mich. December 12, 2013) (15 day loss of privileges is not atypical and significant). The sanction of lost privileges here is not sufficiently significant or atypical to warrant due process protection.

Petitioner next complains that the misconduct conviction resulted in the extension of the loss of his privilege to receive vistors. In *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Supreme Court considered the constitutional protections that apply to prison visitation under the very policy that extends loss of the visitation privilege for Petitioner. The Court recognized that "[w]ithdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose." *Id.* at 134. In *Bassett v. McGinnis*, 430 F.3d 795 (6th Cir. 2006), the Sixth Circuit, sitting en banc, addressed the procedural due process issue, the issue Petitioner raises here, left open in *Overton*.[2] The Sixth Circuit concluded that the visitation limitations in the MDOC policy, including the six-month delay in requesting relief that followed a misconduct conviction, were not an "'atypical and significant hardship' in relation to the ordinary incidents of prison life."

---

[2] "The *Overton* Court did not grant certiorari on the issue of whether the regulations violated the prisoners' procedural due process rights under the Fourteenth Amendment." *Bazzetta*, 430 F.3d at 799.

*Id.* at 802. Accordingly, the Sixth Circuit concluded the regulation did not implicate a liberty interest on its face. *Id.* at 802-803. Thus, neither the sanction of lost privileges nor the sanction of lost rights to receive visitors is sufficiently significant or atypical to warrant due process protection. Petitioner has failed to allege any violation of the Constitution, laws, or treaties of the United States.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  May 27, 2016                    /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge